1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9   Olga Clarissa Ortega,                )   No. CV 07-463-TUC-JMR (HCE)
                                          )
10                  Petitioner,           )   **REPORT & RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Michael J. Astrue; et. al.,           )
13                                        )
                    Respondents.          )
14                                        )
    _____       )
15
16
17          Pending before the Court is Respondents' Motion to Dismiss (Doc. No. 22).  For the
18  following reasons, the Magistrate Judge recommends that the District Court, grant
19  Respondents'  Motion to Dismiss.
20  **I.      FACTUAL AND PROCEDURAL BACKGROUND**
21          On September 17, 2007, Petitioner Olga Clarissa Ortega, through counsel, filed an
22  "Original Complaint for Writ in the Nature of Mandamus." (Doc. No. 1) Petitioner seeks an
23  order from this Court directing the Social Security Administration to issue her a Social
24  Security card.
25          In November 2007, Petitioner's counsel moved to withdraw citing "irreconcilable
26  differences." (Doc. No. 6)  Attached to the Amended Motion to Withdraw was Petitioner's
27  signed "Consent for Withdrawal" wherein she indicated that she would seek alternative
28

1   counsel or represent herself.  (Doc. No. 6-2)  On November 7, 2007, the Court granted the
2   Amended Motion to Withdraw.  (Doc. No. 8)

3        On February 20, 2008, Petitioner appeared *pro se* for a scheduling conference and
4   requested an extension in order to obtain counsel.  (*See* Doc. No. 17) The Court granted
5   Petitioner's request, stayed the matter until June 2, 2008, and set a status hearing for June 2,
6   2008.  (Id.)  The Court provided that if Petitioner's counsel filed a notice of appearance prior
7   to June 2, 2008, then the status hearing would be vacated.  (Id.) Petitioner was also advised
8   that *pro se* litigants must abide by the same rules of procedure that govern other litigants and
9   failure to do so may result in dismissal of her case.  (Id. at p.2)

10        On June 2, 2008, Petitioner, acting *pro se,* and counsel for Respondents appeared at
11   the status hearing.  Petitioner informed the Court that she had been unable to obtain counsel.
12   The Court stayed the matter until July 2, 2008 and set another status hearing for that date.
13   (Doc. No. 19)

14        On July 2, 2008, prior to the time set for the status hearing, Petitioner telephoned the
15   Court to state that she was unable to appear for the hearing due to a family medical
16   emergency and waived her appearance.  (*See* Doc. No. 21) Respondents indicated that they
17   intended to a file Motion to Dismiss within the next thirty days.  (Id.)  The Court lifted the
18   previously entered stay.  (Id.)

19        On July 25, 2008, Respondents filed the instant Motion to Dismiss.  (Doc. No. 22)
20   Respondents argue that there is no case or controversy before the Court and that the
21   Complaint sets forth no grounds upon which the Court can exercise subject matter
22   jurisdiction.  (Id.)

23        On July 28, 2008, the Court entered an Order informing Petitioner that, *inter alia,*
24   pursuant to L.R.Civ. 7.2(i) of the Rules of Practice of the U.S. District Court for the District
25   of Arizona, her failure to file a response to Respondents' Motion to Dismiss on or before
26   August 25, 2008 may be deemed as her consent to the granting of that Motion and that this
27   action may be dismissed without further notice.  (Doc. No. 23)

28

1       The time for Petitioner to respond to Respondents' Motion to Dismiss has passed and

2  Petitioner has not filed a response.   Nor has she made any filing with the Court since

3  Respondents' Motion was filed.

4  **II.     DISCUSSION**

5       Pursuant to L.R.Civ. 7.2(i), Rules of Practice of the U.S. District Court for the District

6  of Arizona, a party's failure "to serve and file the required answering memoranda [to a

7  motion]...may be deemed a consent to the...granting of the motion and the Court may dispose

8  of the matter summarily." L.R.Civ. 7.2(i).  The Ninth Circuit has held that "failure to follow

9  a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran,* 46 F.3d 52,

10  53 (9th Cir.), *cert. den.,* 516 U.S. 838 (1995).  In *Ghazali,* the Ninth Circuit affirmed the

11  Nevada district court's dismissal of an action pursuant to a local rule similar to L.R.Civ.

12  7.2(i) where the *pro se* plaintiff failed to file an opposition to the defendant's motion to

13  dismiss.  *Id.*   The *Ghazali* court noted that the trial court, in exercising its discretion to

14  dismiss the action, is "required to weigh several factors:   `(1) the public's interest in

15  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

16  prejudice to the defendants; (4) the public policy favoring disposition of cases on their

17  merits; and (5) the availability of less drastic sanctions.'" *Id. (quoting See Henderson v.*

18  *Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986))*.*  The Ninth Circuit "may affirm a dismissal

19  where at least four factors support dismissal...or where at least three factors 'strongly'

20  support dismissal.'" *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999)

21  *(quoting Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)).

22      A.     Interest in expeditious resolution of litigation

23      "[T]he public's interest in expeditious resolution of litigation always favors

24  dismissal." *Id.*

25      B.     Docket management

26       The trial court is in the best position to decide when delay in a particular case

27  interferes with docket management and the public interest. *Id.; Pagtalunan v. Galaza,* 291

28  F.3d 639, 642 (9th Cir. 2002). "It is incumbent upon the Court to manage its docket without

1   being subject to routine noncompliance of litigants such as [Petitioner.]" *Pagtalunan,* 291

2   F.3d at 642.

3        Petitioner's failure to timely respond results in Petitioner controlling the pace of the

4   docket rather than the Court.   *See Yourish,* 191 F.3d at 990 (court's need to manage its

5   docket "strongly favor[ed] dismissal" where the plaintiff's noncompliance "caused the action

6   to come to a complete halt" thus resulting in the plaintiff "controlling the pace of the docket

7   rather than the [c]ourt."); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (the court's

8   interest in docket control "strongly support[ed]" dismissal where, *inter alia,* the plaintiff's

9   failure to comply with the court's order  "consumed large amounts of the court's valuable

10  time that it could have devoted to other major and serious criminal and civil cases on its

11  docket.") This factor strongly favors dismissal.

12       C.    Risk of prejudice to Defendant

13       "[T]he risk of prejudice to the [respondent] is related" to the strength of the

14  petitioner's excuse for the default. *Yourish,* 191 F.3d at 991. *See also Pagtalunan,* 291 F.3d

15  at 643 (same).  The Ninth Circuit has found that a "paltry excuse for" the petitioner's non-

16  compliance constitutes sufficient evidence to weigh strongly in favor of dismissal. *Yourish,*

17  191 F.3d at 991.

18       Petitioner has not offered a reason for her failure to respond to Respondents' Motion.

19  Like the plaintiff in *Ghazali,* Petitioner herein "was given ample time to respond to the

20  motion dismiss." *Ghazali,* 46 F.3d. at 54.  She has failed to provide any reason whatsoever

21  for her failure to respond to Respondents' arguments that her case should be dismissed.  On

22  the this  record, the issue of prejudice tips the balance in favor of dismissal.

23       D.    Public policy favoring disposition of cases on their merits

24       "Public policy favors disposition of cases on the merits.  Thus, this factor weighs

25  against dismissal." *Pagtalunan,* 291 F.3d at 643 (*citing Hernandez,* 138 F.3d at 399).

26       E.    Availability of less drastic alternatives

27       "The district court need not exhaust every sanction short of dismissal before finally

28  dismissing a case, but must explore possible and meaningful alternatives." *Henderson,* 779

F.2d at 1424 (citation omitted).  The Court has warned Petitioner on more than one occasion that *pro se* litigants are bound by the rules of procedure and that her failure to comply with the rules or the Court's orders may result in dismissal.  (*See* Doc. Nos. 11 at p.5, 17 at pp.1-2)  Additionally, the Court specifically warned Petitioner of the consequences of her failure to respond to Respondents' Motion to Dismiss.  (Doc. No. 23)   Petitioner's failure to respond despite the Court's express warning of the consequences supports the conclusion that imposition of less drastic sanctions would not be beneficial.  *See Henderson,* 779 F.2d 1421(affirming dismissal where plaintiff failed to meet scheduling deadlines despite court's express warning of consequences); *Ferdik,* 963 F.2d at 1262 ("Moreover, our decisions also suggest that a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the `consideration of [less drastic sanctions]'requirement.").  Indeed, in such a case as this, the Ninth Circuit has affirmed dismissal. *Ghazali,* 46 F.3d 52.

**III.    CONCLUSION**

The Court is not unsympathetic to Petitioner's *pro se* status.  Nonetheless, it is well-settled that *"[p]ro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali,* 46 F.3d at 54 (recognizing that "pro se litigants are bound by the rules of procedure" when  affirming dismissal of case for failure to comply with local rule under same factors considered herein).  Like the plaintiff in *Ghazali,* Petitioner herein "did not follow" the rules of procedure and, thus, granting Respondents' Motion to Dismiss pursuant to L.R.Civ. 7.2(i) is appropriate. *See Ghazali,* 46 F.3d 52.  ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure ...Ghazali did not follow them, and his case was properly dismissed.").

**IV.    RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Respondents' Motion to Dismiss (Doc. No. 22) pursuant to L.R.Civ. 7.2(i), Rules of Practice of the U.S. District Court for the District of Arizona and dismiss this action.

1    Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

2  ten days after being served with a copy of this Report and Recommendation.  A party may

3  respond to another party's objections within ten days after being served with a copy thereof.

4  Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number:

5  **CV 07-463-TUC-JMR.**

6    If objections are not timely filed, then the parties' right to *de novo* review by the

7  District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114,

8  1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

9    DATED this 19th day of September, 2008.

10

11

12  _____

Héctor C. Estrada
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28